UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:23-CR-105-TAV-DCP |
| | ) | |
| JOSEPH D. MANNING, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Joseph Manning's Motion to Continue Trial and All Other Deadlines [Doc. 41], filed on September 3, 2024.

Defendant requests that the Court continue all deadlines and the trial date scheduled for October 1, 2024 [Doc. 41]. In support of his motion, Defendant states that additional time is necessary to discuss discovery with his counsel as well as prepare for trial and possibly negotiate a resolution. [*Id.* ¶ 4]. Defense counsel litigated a state capital trial in August of this year, requiring his effort and attention [*Id.* ¶ 3]. Defendant understands that the period between filing this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 7]. Finally, Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 9].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18

U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to time to review and discuss discovery, negotiate a resolution, and otherwise prepare for trial if negotiations are not fruitful. The Court finds that all of this cannot occur before the October 1, 2024 trial date.

The Court therefore **GRANTS** Defendant Joseph Manning's Motion to Continue Trial and All Other Deadlines [**Doc. 41**]. The trial of this case is reset to **January 28, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the motion on September 3, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Joseph Manning's Motion to Continue Trial and All Other Deadlines [**Doc. 41**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 28, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **September 3, 2024**, and the new trial date of **January 28, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 30, 2024**;

(5) the deadline for filing motions *in limine* is **January 13, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 14, 2025, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 17, 2025**.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge